**Opinion issued July 31, 2018**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-18-00372-CR

## NO. 01-18-00373-CR

————————————

**LEONARDO VALENTINE AVILA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 185th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1569524 & 1564160**

---

### MEMORANDUM OPINION

Appellant, Leonardo Valentine Avila, pleaded guilty to the third-degree

felony offense of escape—while arrested/confined for a felony in the underlying trial

court cause number 1569524, with an agreed punishment recommendation of three

years' confinement.[1]  Appellant also pleaded guilty to the second-degree felony offense of aggravated assault with a deadly weapon in the related trial court cause number 1564160, with an agreed punishment recommendation of three years' confinement.[2]  In accordance with his plea bargains with the State, the trial court found appellant guilty of both offenses and assessed his punishment at three years' confinement in each of the trial court cause numbers 1569524 and 1564160, with the sentences to run concurrently.[3]  The trial court certified that these were plea-bargained cases and that appellant had no right of appeal.  *See* TEX. R. APP. P. 25.2(a)(2).  Appellant timely filed a pro se notice of appeal in each case.[4]  *See* TEX. R. APP. P. 26.2(a)(1).  We dismiss these appeals for want of jurisdiction.[5]

In a plea-bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal.  TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2017); TEX. R.

---

[1]     *See* TEX. PENAL CODE ANN. § 38.06(a)(1), (c)(1) (West 2011).

[2]     *See* TEX. PENAL CODE ANN. § 22.02(a)(2), (b) (West 2011).

[3]     *See* TEX. PENAL CODE ANN. §§ 12.33(a), 12.34(a) (West 2011).

[4]     Appellate cause number 01-18-00372-CR; trial court cause number 1569524.
        Appellate cause number 01-18-00373-CR; trial court cause number 1564160.

[5]     On July 18, 2018, appellant filed a one-page pro se appellant's brief, in 01-18-00373-CR only, requesting that this Court set aside his guilty plea for ineffective assistance of his trial counsel.

APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d); *see Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005).

Here, the trial court's certifications, included in the clerk's record in each case, stated that these were plea-bargained cases and that appellant had no right of appeal, and the trial court did not give its permission to appeal any matters. *See* TEX. R. APP. P. 25.2(a)(2), (d); *Dears*, 154 S.W.3d at 615. The clerk's record in each case, including the plea waivers, supports the trial court's certifications. *See Dears*, 154 S.W.3d at 615. Because appellant has no right of appeal in either case, we must dismiss these appeals. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss these appeals for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f).

**PER CURIAM**

Panel consists of Justices Keyes, Bland, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).